WHITE MOTOR SALES, doing Business as Fairfield Toyota and Fairfield Imports, doing Business as Fairfield Toyota, Petitioners

v.

NATIONAL LABOR RELATIONS BOARD, Respondent

Automotive Machinists Local Lodge No. 1173, Intervenor.

Nos. 11–1218, 11–1264.

United States Court of Appeals, District of Columbia Circuit.

May 11, 2012.

Patrick W. Jordan, Esquire, Nanette Joslyn, Jordan Law Group, San Rafael, CA, for Petitioners.

Linda Dreeben, Deputy Associate General Counsel, Ruth E. Burdick, Jeffrey William Burritt, Robert J. Englehart, Supervisory, David Allen Seid, National Labor Relations Board, Washington, DC, for Respondent.

Before: GARLAND and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This consolidated petition for review and cross-application for enforcement of an order of the National Labor Relations Board was considered on the briefs and appendix filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

The Board found that the petitioner, White Motor, violated § 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), (1), by refusing to bargain with a union that had recently been certified as the representative of its automotive technicians. The petitioner defended its refusal to bargain on the ground that the Board should not have certified

the union because the misconduct of union organizer Jesse Juarez before the election destroyed the "laboratory conditions" needed to "determine the uninhibited desires of the employees," *Gen. Shoe Corp.,* 77 N.L.R.B. 124, 127 (1948). The Board, however, has "broad discretion to assess the propriety and results of representation elections." *AOTOP, LLC v. NLRB,* 331 F.3d 100, 103 (D.C.Cir.2003) (internal quotation marks omitted). "A party to a Board-supervised election is not entitled to a hearing on its objections unless the evidence raises a 'substantial and material issue[ ] of fact sufficient to support a prima facie showing of objectionable conduct.' " *Id.* (quoting *Swing Staging, Inc. v. NLRB,* 994 F.2d 859, 862 (D.C.Cir.1993)); *see* 29 C.F.R. § 102.69(d). In the circumstances of this case, the Board did not abuse its discretion when it certified the union without holding a hearing on White Motor's objections to the election.

White Motor contends that Juarez's initial refusal to leave the work area when asked gave employees the impression that the petitioner "was powerless to protect its own legal rights in a confrontation with the Union." *Phillips Chrysler Plymouth, Inc.,* 304 N.L.R.B. 16, 16 (1991). But Juarez did ultimately leave when asked to do so by the petitioner's service manager, and the Board reasonably concluded that Juarez's eventual acquiescence established rather than undermined the petitioner's authority. *See Chrill Care, Inc.,* 340 N.L.R.B. 1016, 1017 (2003). White Motor also maintains that Juarez's behavior "sent a message to employees ... as [to] the lengths the Union would go to punish those with whom it disagreed." Objections to Election at 2 (J.A. 14). But the Board reasonably concluded that Juarez's acts did not "create[ ] such an environment of tension and coercion as to have had a probable effect upon the employees' actions at the polls." *Swing Staging,* 994 F.2d at 861–62 (internal quotation marks omitted); *cf. Firestone Textiles Co.,* 244 N.L.R.B. 168, 171 (1979). Finally, White Motor argues that Juarez's pre-election conversations with employees ran afoul of *Peerless Plywood Co.,* 107 N.L.R.B. 427 (1953), which bars both employers and unions from "making election speeches on company time to massed assemblies of employees within 24 hours before the scheduled time for conducting an election." *Id.* at 429. Juarez, however, did not summon employees to assemble, *see Associated Milk Producers, Inc.,* 237 N.L.R.B. 879 (1978), and the Board reasonably concluded that his spontaneous remarks in the work area were not "election speech" for purposes of the *Peerless Plywood* rule, *see Midway Hosp. Med. Ctr.,* 330 N.L.R.B. 1420, 1420 n. 1 (2000). In sum, the Board did not err in concluding that petitioner's evidence and allegations were insufficient to merit a hearing.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).